**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

In re:

Boston Property Exchange Transfer Company, Inc.,   Chapter 11

     Debtor.   Case No.: 04-_____ (___)

------------------------------------------------------------X

**AFFIDAVIT OF RICHARD S. ORDER, ESQ. IN SUPPORT OF
APPLICATION OF DEBTOR FOR ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION
OF AXINN, VELTROP & HARKRIDER LLP
<u>AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR</u>**

STATE OF CONNECTICUT )
         ) ss. at Hartford:
COUNTY OF HARTFORD  )

RICHARD S. ORDER, ESQ., being duly sworn, deposes and says:

1. I am a partner in the law firm of Axinn, Veltrop & Harkrider LLP ("AVH"), 90 State House Square, Hartford, Connecticut. I am an attorney duly admitted and in good standing to practice in the States of Connecticut and New York, the United States Supreme Court, the United States Court of Appeals for the Second Circuit, the United States District Court for the District of Connecticut, the Southern and Eastern Districts of New York, and the Eastern District of Michigan.

2. I submit this affidavit in connection with the application (the "Application") of the above-captioned debtor and debtor in possession (the "Debtor") in this case for an order approving the retention of AVH as its special litigation counsel and to provide the disclosures required under section 327(e) of chapter 11, of title 11, of the

CTDOCS:12670.1

United States Code (the "Bankruptcy Code"), the rules of this Court (the "Local Rules") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. All terms not otherwise defined herein have the meanings ascribed to such terms in the Application.

4. Insofar as I have been able to ascertain, and except as set forth on Schedule 1 attached hereto, AVH has no connection with the Debtor, its creditors, any other party-in-interest herein, their current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not hold or represent any entity having an adverse interest in connection with the Debtor's case, except as disclosed herein. AVH may have in the past represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtor's pending chapter 11 case, entities that are claimants or other parties-in-interest (or service providers thereto) in this chapter 11 case. For so long as it represents the Debtor, AVH will not represent any such entity other than the Debtor in connection with this case.

5. AVH intends to work closely with any other professionals retained by the Debtor to minimize unnecessary duplication of services performed for or charged to the Debtor's estate.

6. AVH intends to apply for compensation for professional services rendered in connection with this chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that AVH incurs. Subject to the Court's approval, AVH will

2

CTDOCS:12670.1

charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates in similar matters for similar clients in effect on the date services are rendered. AVH's hourly rates are usually adjusted effective January 1 of each year. Set forth below are the current hourly rates that AVH intends to charge the Debtor for the legal services of its professionals it presently contemplates utilizing:

| | |
|---|---|
| Partner | $375 |
| Associates | Between $200 and $315 |
| Paralegals | Between $125 and $150 |

7. Prior to the Petition Date, AVH received an initial retainer from the Debtor's shareholder in the amount of $15,000 for legal fees and expenses in connection with the preparation of the filing of this case (the "Retainer"). The Retainer is being applied against all outstanding fees and expenses incurred by AVH for such prepetition services and the remaining balance will be held as security for application against future fees and expenses.

8. The hourly rates charged by attorneys and/or paraprofessionals in this case are and will be AVH's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate AVH for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is AVH's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, scanning charges, travel and lodging expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and

3

other staff. AVH will charge for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients.

9. No promises have been received by AVH as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. AVH has, in connection with this chapter 11 case, no agreement with any other entity.

10. None of AVH's attorneys, insofar as I have been able to ascertain, represents any interest adverse to the Debtor in the matters upon which AVH is to be engaged.

11. By reason of the foregoing, I believe AVH is eligible for employment and retention by the Debtor pursuant to sections 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules.

12. The professional services that AVH has rendered prior to the Petition Date and will continue to render to the Debtor, include, but shall not be limited to, the following:

(a) taking necessary action to protect and preserve the Debtor's estate, including assisting in the prosecution of actions and claims on behalf of the Debtor, the defense of any action or claim commenced against the Debtor (including <u>Cahaly, et al. v. Benistar Property Exchange Trust Company, Inc., et al.</u>, Massachusetts Superior Court), negotiations concerning all litigation in which the Debtor is involved, and objecting to claims filed against the Debtor's estate;

(b) participating in any litigation or arbitration commenced by, or against, the Debtor; and

    (c)  rendering such other legal services for the Debtor as may be necessary and appropriate in these proceedings.

                          */s/ Richard S. Order*
                          RICHARD S. ORDER, ESQ.

Sworn to before me this 30th
day of September, 2004

*/s/ Elizabeth Jinkovich*
Commissioner of the Superior Court

5

CTDOCS:12670.1

## Schedule 1

**Parties who are current or past clients of The AVH Firm, or with whom The AVH Firm has a professional relationship, and who are parties to Cahaly, et al. v. Benistar Property Exchange Trust Company, Inc., et al.**

Boston Property Exchange Transfer Company, Inc. f/k/a Benistar Property Exchange Trust Company, Inc.
Benistar Admin Services, Inc.
Benistar Employer Services Trust Corporation
Benistar, Ltd.
Daniel E. Carpenter
Molly Carpenter